Minute Order Form (06/97)

55-6

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Milton I. Shadur | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 1843 | **DATE** | 3/23/2001 |
| **CASE TITLE** | Marnell Brown vs. Cook County Jail | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]   Enter Memorandum Opinion and Order. For the reasons stated in the memorandum opinion and order, the Application is granted, but both his Complaint and this action are dismissed with prejudice. Brown is ordered to obtain and transmit to this Court's chambers on or before April 12, 2001 a printout reflecting all transactions in his trust fund account at the Cook County Dept. of Corrections for the six-month period ended February 28, 2001. This dismissal constitutes a "strike" for purposes of Section 1915(g).

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | **Document Number** |
| ✓ | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | MAR 2 6 2001 date docketed | 4 |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| | | | 3/23/2001 date mailed notice | |
| SN | courtroom deputy's initials | | SN | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

MARNELL BROWN,)
)
        Plaintiff,)
)
v.) No. 01 C 1843
)
COOK COUNTY JAIL,)
)
        Defendant.)

**DOCKETED**

**MAR 2 6 2001**

## MEMORANDUM OPINION AND ORDER

Marnell Brown ("Brown") has submitted a self-prepared 42 U.S.C. §1983 ("Section 1983") Complaint (using the form provided by this District Court's Clerk's Office, with handwritten insertions by Brown himself) and an accompanying Application To Proceed Without Prepayment of Fees ("Application"). For the reasons stated in this memorandum opinion and order, the Application is granted (that is, Brown will not be required to pay the $150 filing fee in advance, although he _is_ liable for future payment of that amount in full), but both his Complaint and this action are dismissed with prejudice.

To begin with, the Application meets the requirement of 28 U.S.C. §1915(a)(1)[1] for in forma pauperis status, even though Brown has not complied with the further obligation imposed on him by Section 1915(a)(2). Accordingly Brown is granted leave to proceed without <u>pre</u>payment of the required $150 filing fee, but

---

[1] All further references to Title 28's provisions will simply take the form "Section--."

he is ordered to obtain and to transmit to this Court's chambers on or before April 12, 2001 a printout reflecting all transactions in his trust fund account at the Cook County Department of Corrections ("County Jail") for the six-month period ended February 28, 2001 (or for such shorter period as he has been in custody at the County Jail).

To turn to Brown's Complaint, it may be noted parenthetically that "Cook County Jail," which he lists as the defendant, is not of course a proper party (it is not a legal entity). But there is no point in his curing that defect, because the Complaint is fatally flawed in substantive terms in any event.

In that respect, all that Brown sets out as his Statement of Claim in Complaint ¶V is this:

> Due to lack of space at time of incarceration, I Marnell Brown was given a mattress & bedding to locate on floor in Div. 5 - 1K, upper 3, beginning Dec. 16, 2000 and ending February 6, 2001. During this time I incurred back problems that are nagging & currently physically impairing to this date.

That grievance does not of course even begin to approach constitutional dimensions, whether considered as a potential claim involving the pretrial detainee counterpart of <u>Estelle v. Gamble</u>, 429 U.S. 97 (1976) or from any other perspective. If sought to be viewed as a Section 1983 claim, it is plainly frivolous in the legal sense defined by <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989) and confirmed in <u>Denton v. Hernandez</u>, 504

U.S. 25, 32-33 (1992).

Accordingly, as stated at the outset, both Brown's Complaint and this action are dismissed summarily. And this dismissal constitutes a "strike" for purposes of Section 1915(g). But Brown is reminded that he remains obligated to pay the $150 fee for having obtained entry to this District Court despite the frivolousness of his claim, and he is therefore still required to comply with the earlier directive to furnish his trust fund printout to this Court.

*[signature]*
Milton I. Shadur
Senior United States District Judge

Date: March 23, 2001